B P 7 v BUREAU OF STATE LOTTERY

GEWARGES v BUREAU OF STATE LOTTERY

Docket Nos. 192826, 192827. Submitted March 19, 1998, at Lansing.
    Decided August 21, 1998, at 9:25 A.M.

    B P 7 and Jerry Renouf petitioned the Eaton Circuit Court for a judi-
    cial order requiring the Bureau of State Lottery and its commis-
    sioner to allow Renouf, a member of the B P 7 lottery club, to
    assign his share of lottery winnings to Prosperity Partners, Inc.

    Romil Gewarges filed a similar petition in the same court with respect
    to his lottery winnings.

      The court, Thomas S. Eveland, J., granted the requested relief,
    ruling that it had authority pursuant to § 25(1) of the Lottery Act,
    MCL 432.25(1); MSA 18.968(25)(1), to issue the requested orders.
    The respondents appealed. The Court of Appeals, CORRIGAN, C.J.,
    and KELLY and HOEKSTRA, JJ., reluctantly affirmed, stating that it was
    constrained by MCR 7.215(H) to follow the holding in *Watson v
    Bureau of State Lottery*, 224 Mich App 639 (1997), that "appropri-
    ate judicial order," for purposes of § 25(1), meant an order issued
    within the proper discretion and jurisdiction of the court issuing
    the order and not limited to orders relating to child support, dispo-
    sition of marital property, garnishment, or orders of a bankruptcy
    or probate court, and that trial courts have discretion to issue
    orders when purported assignments are reasonable or in the best
    interests of the parties. The Court of Appeals then entered an order
    invoking the conflict resolution procedure of MCR 7.215(H) and
    vacating the Court of Appeals opinion in this case. 225 Mich App
    811 (1997).

      Following consideration by the special panel convened pursuant
    to MCR 7.215(H), the Court of Appeals *held*:

      The issue presented has been rendered moot by the amendment
    of § 25(1) by 1997 PA 199, effective January 2, 1998. Under the
    amended statute, the petitioners can now obtain the same permis-
    sion granted by the trial court if they meet the requirements set by
    the amended statute. The imposition of reasonable fees to defray
    the costs associated with assigning lottery winnings, as allowed
    under the amended statute, does not present an issue of public sig-
    nificance warranting consideration by the Court of Appeals.

Appeals dismissed as moot.

APPEAL — MOOTNESS.

An appellate court, as a general rule, will not decide moot issues; a case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights; an issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief.

*Cunningham & Associates* (by *Douglas C. Cunningham*), for the plaintiffs.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Keith D. Roberts* and *John M. Cahill*, Assistant Attorneys General, for the defendants.

Amicus Curiae:

*Kasiborski, Ronayne & Flaska* (by *Chester E. Kasiborski, Jr.*), for Singer Asset Finance Company.

Before: GAGE, P.J., and CAVANAGH, GRIFFIN, REILLY, BANDSTRA, MARKMAN, and SMOLENSKI, JJ.

PER CURIAM. In these consolidated cases a special panel was convened pursuant to MCR 7.215(H) because the initial panel that considered these appeals was compelled to affirm by the prior decision in *Watson v Bureau of State Lottery*, 224 Mich App 639; 569 NW2d 878 (1997). *B P 7 v Bureau of State Lottery*, 225 Mich App 811 (1997). These cases involved circuit court orders entered pursuant to MCL 432.25(1); MSA 18.969(25)(1) permitting Michigan Lotto winners to assign a portion of their future annual prize installment payments.

The facts in these cases are set forth in *B P 7, supra.* The issue that led to the convening of this panel involves the meaning of the language "appropri-

ate judicial order" in MCL 432.25;  MSA 18.969(25).
When petitioners sought permission from the circuit
court to assign lottery winnings, MCL 432.25(1);  MSA
18.969(25)(1)  provided:

> The right of any person to a prize drawn from the state
> lottery is not assignable, except that payment of any prize
> drawn may be paid to the family members or to the estate
> of a deceased prizewinner as provided in subsection (2), to
> a person *pursuant to an appropriate judicial order*, or to
> the state pursuant to section 32. The commissioner shall be
> discharged of all further liability upon payment of a prize
> pursuant to this section. [Emphasis added; § 32 pertains to
> winners with liabilities to the state or child support
> arrearages.]

The original panel in these appeals did not agree with
the view expressed in *Watson* regarding the meaning
of "appropriate judicial order" and the circumstances
that would warrant a court's issuance of such an
order.

After these appeals were filed, our Legislature sub-
stantially amended MCL 432.25;  MSA 18.969(25).
1997 PA 199,  effective January 2, 1998. As amended,
the statute continues to permit payment of any prize
pursuant to "an appropriate judicial order." MCL
432.25(2); MSA 18.969(25)(2). However, the statute
now expressly permits a voluntary assignment to any
person provided that certain specified circumstances
exist. MCL 432.25(5)(a)-(d); MSA 18.969(25)(5)(a)-(d).
The required circumstances include a written assign-
ment containing certain information, an affidavit from
the assignor attesting that the assignor is of sound
mind and understands what the assignor is doing, the
exclusion of any assignment of payments that are to

be used to pay a support arrearage, and notice to the Attorney General.

In the instant cases, the circuit court granted the petitioners' requests only after determining that the petitioners were acting freely and voluntarily. The other circumstances specified in the amended statute are largely ministerial in nature. It is evident that regardless of our decision, petitioners can now proceed under the amended statute to obtain the same permission granted by the circuit court and that is the subject of these appeals.

We conclude that the issue presented has now become moot and that the appeals should consequently be dismissed. As a general rule, an appellate court will not decide moot issues. *East Grand Rapids School Dist v Kent Co Tax Allocation Bd,* 415 Mich 381, 390; 330 NW2d 7 (1982). A case is moot when it presents only abstract questions of law that do not rest upon existing facts or rights. *Id.* An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief. *Contesti v Attorney General,* 164 Mich App 271, 278; 416 NW2d 410 (1987); *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818; 369 NW2d 237 (1985). Here, there is no meaningful relief this Court can provide because petitioners can assign their lottery winnings to the same parties under the amended statute.

Nor is there an issue of public significance presented that would compel us to decide the moot issue presented. *Contesti, supra* at 278. We recognize that the amendment of MCL 432.25; MSA 18.969(25) also authorized reasonable fees to defray costs associated with assigning lottery winnings. MCL 432.25(7);

MSA 18.969(25)(7).  Imposition of such fees (if they have been implemented) in these cases is not an issue of public significance warranting our consideration of the moot issue presented.

Appeals dismissed as moot.