# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of JOHN H. KUFLEWSKI.

ROBERTA WATSON, Personal Representative of
the ESTATE OF JOHN H. KUFLEWSKI,

      Appellee,

v

PATRICK GREENHOE and CLAUDETTE
GREENHOE,

      Appellants.

UNPUBLISHED
September 13, 2016

No. 327848
Bay Probate Court
LC No. 14-049781-DE

Before: TALBOT, C.J., and O'CONNELL and OWENS, JJ.

PER CURIAM.

John Kuflewski died testate on September 6, 2014. His will devised a significant portion of the residue of the estate to appellee, Roberta Watson, and devised a smaller share to appellants, Patrick and Claudette Greenhoe. In this suit to recover estate property, the Greenhoes appeal as of right the trial court's order to disgorge a total of $47,931 that the Greenhoes withdrew from Kuflewski's bank accounts shortly after his death. We affirm.

## I. FACTUAL BACKGROUND

Kuflewski kept savings and checking accounts. Shortly before Kuflewski's death, while he was hospitalized and unable to communicate, Claudette deposited an inheritance check that Kuflewski received in his savings account. The Greenhoes and Watson were listed as signers on Kuflewski's checking account, and Watson and Claudette were listed as signers on Kuflewski's savings account. Shortly after Kuflewski died, Patrick withdrew $22,050 from Kuflewski's checking account, and Claudette withdrew $25,881.71 from Kuflewski's savings account. The Greenhoes asserted that they were entitled to half the funds in the accounts because the accounts were joint accounts with rights of survivorship. Watson asserted that the accounts had additional signatories as a matter of convenience, allowing the parties to assist Kuflewski with his financial affairs, but that the accounts did not have rights of survivorship.

-1-

After an evidentiary hearing, the probate court also concluded that the bank accounts were not joint accounts with rights of survivorship because there was no evidence that Kuflewski intended the accounts to pass to the authorized users on his death. Alternatively, the court determined that even if the accounts had survivorship rights, the funds were property of the estate because there was clear and persuasive proof that Kuflewski did not intend them to vest in the other signatories on his death. The court also determined that the inheritance check was part of Kuflewski's estate because there was no evidence that he had directed Claudette to deposit it into his savings account. The court ordered the Greenhoes to return the withdrawn funds to the estate.

## II. STANDARDS OF REVIEW

We review for clear error the probate court's findings of fact. *In re Estes Estate*, 207 Mich App 194, 208; 523 NW2d 863 (1994). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id*.

## III. ANALYSIS

The Greenhoes contend that the trial court clearly erred when it found that (1) Kuflewski's banking accounts were not joint accounts with rights of survivorship, and (2) the inheritance check was not properly deposited into his savings account. We disagree.

"Michigan's joint ownership statute regarding bank accounts provides that a deposit made in a jointly held bank account with the right of survivorship, in the absence of fraud or undue influence, is prima facie evidence of the depositor's intention to vest title to the deposit in a surviving joint owner." *In re Cullmann Estate*, 169 Mich App 778, 786; 426 NW2d 811 (1988). Clear and persuasive proof to the contrary may rebut this presumption. *Id*. However, not every joint account carries a right of survivorship. *Leib v Genesee Merchants Bank & Trust Co*, 371 Mich 89, 95; 123 NW2d 140 (1963). A signature card establishing that an account is joint does not establish the intent that the account is payable to the survivor. *Id*.

In *Lieb*, the decedent and his nephew opened a checking account. *Id*. at 91. Both the decedent and nephew signed signature cards. *Id*. The purpose of the account was to allow the nephew to pay the decedent's bills. *Id*. at 94. The signature card alone did not provide evidence that the decedent intended the account to have rights of survivorship. *Id*.

This case is closely analogous to *Lieb*. In this case, there is no evidence in the record that Kuflewski intended the accounts to have a right of survivorship. While the signature cards indicate that the account was "joint," this alone does not establish survivorship rights. See *Lieb*, 371 Mich at 94. The evidence did establish, however, that Kuflewski had allowed additional signers on his account to assist him with paying bills. We are not definitely and firmly convinced that the probate court made a mistake when it found that the accounts did not have rights of survivorship.

Our conclusion on this issue renders discussion of the Greenhoes' second issue moot. See *BP 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). Because the trial court properly determined that Kuflewski's savings account was part of his estate, the

inheritance check is part of Kuflewski's estate regardless of whether Claudette properly deposited that check into the savings account.

We affirm.

/s/ Michael J. Talbot
/s/ Peter D. O'Connell
/s/ Donald S. Owens