# STATE OF MICHIGAN

# COURT OF APPEALS

MOHAN SINGH GILL,

      Petitioner-Appellant,

v

SECRETARY OF STATE,

      Respondent-Appellee.

UNPUBLISHED
January 17, 2017

No. 329656
Kent Circuit Court
LC No. 15-008012-AL

Before: MURPHY, P.J., and METER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Petitioner appeals as of right the circuit court order denying his petition for a restricted driver's license. We dismiss this appeal as moot.

This case arose out of petitioner's arrest for operating a vehicle while intoxicated with a high blood-alcohol content, MCL 257.625(1)(c). Petitioner refused to submit to a chemical test. See MCL 257.625d. As a result, respondent suspended petitioner's driver's license for one year beginning on June 24, 2015, pursuant to MCL 257.625f(7)(a).[1] Petitioner sought modification of his suspension by petitioning the circuit court, under MCL 257.323, for an order granting a restricted license. The circuit court denied the petition, finding that it did not have the jurisdiction to grant petitioner a restricted license because he was also subject to the suspension for his conviction of operating a vehicle while intoxicated with a high blood-alcohol content. In addition, the circuit court concluded that even if it had jurisdiction to grant petitioner a restricted license, petitioner had failed to establish sufficient hardship. Petitioner sought review of the circuit court's decision with this Court. However, petitioner's suspension period has expired.[2]

As a result, this appeal is moot. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) (stating that "[a]n issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief"). "Here, there is no meaningful relief

---

[1] Petitioner also received a one-year suspension of his driver's license for his conviction of operating a vehicle while intoxicated, but that suspension is not the subject of this appeal.

[2] Petitioner's driver's license was suspended from June 24, 2015, until June 23, 2016.

-1-

this Court can provide," because petitioner's suspension of his driver's license has expired. *Id*. Further, petitioner does not argue that this is "an issue of public significance . . . that would compel [this Court] to decide the moot issue presented." *Id*.

Dismissed as moot.


/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Amy Ronayne Krause