# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA STEFFKE, REBECCA METZ, and
NANCY RHATIGAN,

        Plaintiffs-Appellants,

v

TAYLOR FEDERATION OF TEACHERS
LOCAL 1085, TAYLOR SCHOOL DISTRICT,
and TAYLOR PUBLIC SCHOOL BOARD OF
EDUCATION,

        Defendants-Appellees.

UNPUBLISHED
September 21, 2017

No. 331636
Wayne Circuit Court
LC No. 13-002906-CK

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order granting summary disposition in favor of defendants, Taylor Federation of Teachers Local 1085 (the Union), Taylor School District (the District), and Taylor Public School Board of Education (the School Board), in this action challenging the validity of a February 11, 2013 "union security agreement" that expires in 2023. We dismiss the appeal as moot.

Plaintiffs' case challenges the validity of the ten-year union security agreement on two grounds. The relief plaintiffs request is "a declaration that the Union Security Agreement was void when it was made and is therefore unenforceable." The trial court rejected plaintiffs' legal arguments and thus denied the requested relief.

While this case was pending on appeal, our Court decided *Taylor Sch Dist v Rhatigan*, 318 Mich App 617; ___ NW2d ___ (2017), which dealt with the validity of the exact union security agreement as in this case. There, our Court upheld the Michigan Employment Relation Commission decision that "respondents [defendants here] . . . cease and desist from enforcing the union security agreement" against the Taylor school personnel in that case. *Rhatigan*, 318 Mich App at 623. Accordingly, the *Rhatigan* Court has already determined that this union security agreement is unenforceable by these defendants against Taylor school personnel.

"An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief" or "when it presents only abstract questions of law that do not rest upon existing facts or rights." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586

-1-

NW2d 117 (1998). Here, because this case is a challenge to the enforceability of the February 2013 union security agreement entered into between Taylor School District and the Taylor Federation of Teachers Local 1085, and that exact agreement has already been declared unenforceable by the *Rhatigan* Court, there is no further relief that this Court can provide. In other words, even if we were to agree with the legal arguments proffered by plaintiffs, we could give no additional relief (and no more has been asked for) than what has already been provided by the *Rhatigan* Court's affirmance of the MERC order.

We recognize that there is currently pending before the Supreme Court an application for leave to appeal the *Rhatigan* decision, but that pending application only affects a party's ability to execute on the judgment. See MCR 7.215(F)(1)(a). The judgment of the Court has been issued, MCR 7.215(E)(1), is set forth in a published decision that is binding[1] on this Court, MCR 7.215(C)(2), and awards the relief plaintiffs seek in this case.

Appeal dismissed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[1] Defendants' suggestion at oral argument that the Court declare a conflict with *Rhatigan* cannot be accomplished, for the legal issues in this case are not the same as in *Rhatigan*. Consequently, even if we disagreed with *Rhatigan*, it would not conflict with anything we could say in this case.