# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

GIOVANNI NACCARATO,

Defendant-Appellee.

UNPUBLISHED
May 1, 2018

No. 334824
Wayne Circuit Court
LC No. 11-000851-01-FH

Before: GLEICHER, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] defendant's sentence of three years of probation related to four counts of arson of a dwelling house, MCL 750.72(1)(a), burning insured property, MCL 750.75, and arson of personal property valued between $1,000 and $20,000, MCL 750.74(c)(i). Defendant entered a plea of nolo contendere to all of the above charges in 2011, and was originally sentenced to three years of probation that same year. The prosecution appealed and the matter was remanded for resentencing by this Court. See *People v Naccarato*, unpublished opinion per curiam of the Court of Appeals, issued October 4, 2012 (Docket No. 305222) (*Naccarato I*). At resentencing, the trial court again sentenced defendant to three years of probation, the prosecution again appealed, and this Court again remanded for resentencing. See *People v Naccarato*, unpublished opinion per curiam of the Court of Appeals, issued June 16, 2015 (Docket No. 320571) (*Naccarato II*). At defendant's second resentencing, the trial court again sentenced defendant to three years of probation. The prosecution now appeals defendant's sentence and requests reassignment to a different trial judge for resentencing. We vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

In *Naccarato I*, this Court vacated defendant's downward-departure sentence and remanded for resentencing, holding that the trial court improperly scored offense variable (OV) 1, and that the trial court failed to give any reason explaining the extent of its downward

---

[1] *People v Naccarato*, unpublished order of the Court of Appeals, entered December 20, 2016 (Docket No. 334824).

departure. *Naccarato I*, unpub op at 3-4. "[E]ven if substantial and compelling reasons exist for a departure from the guidelines, '[w]hen departing, the trial court must explain why the sentence imposed is more proportionate than a sentence within the guidelines recommendation would have been.' " *Id*. at 3, citing *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008).

"On remand, the trial court sentenced defendant to the same sentences originally imposed: 3 years' probation for all convictions, plus restitution." *Naccarato II*, unpub op at 1. The prosecution appealed a second time, and this Court granted leave on April 18, 2014. *People v Naccarato*, unpublished order of the Court of Appeals, entered April 18, 2014 (Docket No. 320571). The prosecution again argued that the trial court failed to score properly OV 1, and argued for the first time that the trial court failed to score properly OV 2 and that resentencing should occur before a different trial judge. *Naccarato II*, unpub op at 2-4, 6. This Court held:

> The trial court erred both by failing to abide by the law of the case set forth in *Naccarato I* and by failing to assess 15 points for OV 2. Accordingly, we again vacate defendant's sentences and remand for resentencing consistent with both *Naccarato I* and [*Naccarato II*].
>
> On remand, we instruct the trial court to assess 20 points for OV 1 and 15 points for OV 2. The trial court must then recalculate the appropriate sentencing guidelines range and may only sentence defendant outside the guidelines range if it does so in compliance with this Court's opinion in *Naccarato I*. [*Naccarato II*, unpub op at 6.]

This Court found that, apart from the scoring of defendant's minimum sentencing guidelines range, the trial court had failed to comply with *Naccarato I* by departing from the guidelines range "without explaining why the particular departure was more proportionate than a sentence falling within the guidelines range." *Id*. at 4. This Court declined to address whether resentencing should have been held before a different trial judge because the prosecution failed to present the issue for review. *Id*. at 6.

On August 10, 2015, defendant filed an application for leave to appeal to the Michigan Supreme Court. Defendant argued that, among other things, the trial court's sentence was reasonable under the newly issued decision, *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). Indeed, *Lockridge*, which fundamentally changed the standard for review of sentencing departures, was released just over a month after this Court issued *Naccarato II*. The Michigan Supreme Court issued a one-paragraph order in response to the application:

> On order of the Court, the application for leave to appeal the June 16, 2015 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court. The Court of Appeals, in the course of issuing two opinions in this case, correctly held that Offense Variables 1 and 2 should have been scored at 20 points and 15 points, respectively, and that the circuit court erred by failing to do so. On remand, the circuit court shall determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015), upon correction

-2-

of the error in scoring the offense variables. If the trial court determines that it would have imposed the same sentence absent the scoring error, it may reaffirm the original sentence, stating its reason for departing from the guidelines on the record. If, however, the trial court determines that it would not have imposed the same sentence, it shall resentence the defendant. [*People v Naccarato*, 498 Mich 918 (2015).]

In keeping with the Michigan Supreme Court's directive, defendant's minimum sentencing guidelines range was recalculated and the recommended minimum guidelines range was found to be 51 to 85 months. At defendant's second resentencing, the trial court again sentenced defendant to three years of probation plus restitution, and stated on the record that defendant "already served his sentence." The trial court based its decision on defendant having done everything possible "to make whole the victims who suffered financial setbacks," as well as defendant's "age, education, family support," and membership in the community.

## II. ANALYSIS

The prosecution argues that the trial court abused its discretion when it departed downward from defendant's minimum sentencing guidelines range, and that defendant's sentence was disproportionate to the seriousness of the crime. "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Lockridge*, 498 Mich at 392. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017) (internal citations omitted).

In determining whether a trial court abused its discretion by unreasonably departing from the sentencing guidelines, this Court reviews whether the trial court conformed to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 476-477. " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Id*. at 472, quoting *Milbourn*, 435 Mich at 661. Sentences must be proportionate to the " 'seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse*, 500 Mich at 474, quoting *Milbourn*, 435 Mich at 636.

[R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight. [*People v Dixon-Bey*, ___ Mich App ___, ___; ___ NW2d ___ (2017) (Docket No. 331499); slip op at 18-19 (citations omitted).]

"[I]n order to facilitate appellate review," a trial court must explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Id*. at 19 (internal quotation marks and citations omitted). Where this Court determines that a trial court "has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, it must

remand to the trial court for resentencing." *Steanhouse*, 500 Mich at 476, citing *Milbourn*, 435 Mich at 665.

In reviewing defendant's sentence, this Court must consider the scope and impact of the prior appeals in this case. Both *Naccarato I* and *Naccarato II* were decided prior to *Lockridge*, which altered the landscape of Michigan sentencing procedure, and both decisions of this Court applied the now-outdated principle that the trial court needed to articulate substantial and compelling reasons for its departure. *Naccarato II*, unpub op at 3-4; *Naccarato I*, unpub op at 2; see *Lockridge*, 498 Mich at 391, 399 (explaining that sentencing guidelines are advisory and not mandatory, and that trial courts no longer must articulate the reason for departure sentences with substantial and compelling reasons). With that said, both *Naccarato I* and *Naccarato II* also applied a standard that still remains in the post-*Lockridge* era: a trial court must explain why a particular sentence is more proportionate than a different sentence would have been, and the trial court must give adequate reasons for the extent of its departure. See *Dixon-Bey*, ___ Mich App at ___; slip op at 19; *Steanhouse*, 500 Mich at 476. In this case, the trial court's downward departure amounts to an abuse of discretion because it has again failed to give any explanation for the extent of its departure and therefore failed to apply the principle of proportionality.

At defendant's initial sentencing, the trial court based its downward departure on defendant's gainful employment, defendant's age and lack of criminal history, defendant's family relationship and community involvement, the fact that defendant attempted to ensure that no one was harmed by telling the tenants of the building burned that it was to be fumigated, and the fact that defendant was willing to pay any and all necessary restitution. The trial court held:

> All right. Well, this Court believes that, number one, because of the age; because of his ability to be rehabilitated; the fact that he had no priors and have had none in the past three and a half years. The fact that he is a family man. The fact that he continues to work for Ford Motor Company. The fact that he seems to be a valuable employee. And the fact that there was no intent to harm physically those that remain there.
>
> And the fact that he is willing to make retribution as it relates to the restitutional question, would indicate to this Court that it should depart from the guidelines. And sentence defendant to a term of probation in the amount of three years.

This Court found that the trial court's reasoning failed to explain the extent of its departure and failed to explain the proportionality of the sentence. *Naccarato I*, unpub op at 2.

At defendant's first resentencing, the trial court gave defendant the same probationary sentence without additional reasoning for its departure other than expressing agreement with defense counsel. See *Naccarato II*, unpub op at 3-4 ("[T]he trial court was required to . . . explain the proportionality of the sentence imposed compared to a guidelines sentence, not just the defendant and the offense. The trial court failed to do so, instead merely stating that it agreed with the arguments made by defense counsel at the resentencing proceedings."). The prosecution again appealed, and this Court again remanded for resentencing, finding, among

other things, that the trial court again failed to explain why defendant's sentence was more proportionate than the minimum sentencing guidelines range. *Naccarato II*, unpub op at 3-4.

At defendant's second resentencing, the trial court adopted its reasoning from its previous sentencing hearings without expressly reiterating those reasons and without addressing the fact that this Court had already held, on two occasions, that the reasoning from previous sentencing hearings failed to explain the extent of the departure and failed to articulate the proportionality of the sentence. *Naccarato II*, unpub op at 3-4; *Naccarato I*, unpub op at 2. The trial court focused on defendant having made "whole the victims who suffered financial setbacks," and having made "every effort to make sure they were made whole in terms of financial losses." The trial court also emphasized defendant's "age, education, family support," and standing in his community, and again, adopted defense counsel's arguments regarding proportionality in a blanket statement: "I think the proportionality aspect of the sentence given by this Court is well defined and well said in defense counsel's argument." See *Naccarato II*, unpub op at 4 (expressing a failure on the part of the trial court by "merely stating that it agreed with arguments made by defense counsel"). The trial court otherwise gave no explanation as to the issue of proportionality other than stating, "I think that the proportionality test has been met," and "I don't know what else to say except that I am of the same opinion [as before]."

The trial court gave no discussion of whether defendant's minimum sentencing guidelines range reflected the seriousness of defendant's crime, nor whether it found factors relevant that were not considered or were inadequately considered by the guidelines. The trial court failed to facilitate appellate review by explaining in any terms the extent of its departure or why defendant's sentence was proportionate given the circumstances of the offender and the offense, and, accordingly, this matter must be remanded again for resentencing. *Steanhouse*, 500 Mich at 476.

On remand, the trial court is to consider the sentence recommended by the guidelines. The trial court must determine on the record whether a sentence within the guidelines range is proportionate to the circumstances surrounding both the offense and the offender. Particularly helpful to the trial court would be the factors set forth in *Dixon-Bey*, ___ Mich App at ___; slip op at 18-19. If the trial court finds that a sentence within the guidelines range is not proportionate to the seriousness of the offense and the circumstances surrounding the offender, the trial court may depart—either downward or upward—from the guidelines range. If the trial court chooses to depart from the guidelines range, it must justify its sentence on the record as being more proportionate than the sentence recommended under the guidelines. The trial court should separately consider on the record the seriousness of the offense, the circumstances surrounding the offender, and the amount the sentence imposed differs from the recommended sentence. The trial court should explain how each consideration justifies the sentence it imposed in light of the guidelines' recommendation.

The prosecution argues that resentencing should occur before a different trial judge. Because the trial judge has retired from the bench during the pendency of this appeal, this issue is moot and we need not address it. See *B P & v Bureau of State Lottery*, 231 Mich App 356, 359; 584 NW2d 117 ("As a general rule, an appellate court will not decide moot issues.").

Vacated and remanded for resentencing.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle