# STATE OF MICHIGAN

# COURT OF APPEALS

ANA DRESAJ,

Plaintiff-Appellant,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
May 3, 2018

No. 337236
Wayne Circuit Court
LC No. 16-002699-NF

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant. Plaintiff also challenges a prior order denying her motion to compel discovery. We affirm.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

This no-fault case arises out of a car accident on April 26, 2015 at the intersection of M-59 and Rochester Road in Rochester Hills, Michigan, in which plaintiff was injured. Plaintiff was stopped at a red light on Rochester Road when another car failed to stop, rear-ending plaintiff and pushing her into the car in front of her. Plaintiff was transported from the scene via ambulance. It appears from the record that plaintiff sustained neck, back, and shoulder injuries, as well as a few lacerations from broken glass. Plaintiff's injuries are not in dispute.

Plaintiff filed suit against defendant, claiming that defendant, as her no-fault insurer, was in breach of contract for failing to pay personal protection insurance (PIP) benefits to plaintiff in accordance with the no-fault statute and provisions of her insurance contract. Specifically, plaintiff is seeking reimbursement for medical transportation and differential wage loss benefits.

Following some discovery, plaintiff filed a motion to compel discovery and for in camera review of documents, or alternatively, plaintiff requested defendant's claim file be stricken. Specifically, plaintiff argued that defendant's claim file had not been produced, despite defendant's reference to the claim file in its answer to plaintiff's interrogatories and requests for production. Additionally, plaintiff argued that defendant had produced redacted documents, claiming that they were privileged, but did not file a motion for a protective order or an in

-1-

camera review of those documents by the trial court. Further, plaintiff argued that she could not tell whether any privilege actually attached to the redacted documents or withheld claim file because there was no privilege or redaction log provided.

Defendant filed a response to plaintiff's motion, arguing that due to a clerical oversight, the redacted claim file was not included with the discovery responses, however upon realizing its error, defendant immediately sent the disc containing the redacted claim file to plaintiff. Defendant further argued that surveillance video prepared in anticipation of litigation constitutes work product, and is subject to qualified immunity as part of the work product doctrine. The evidence sought by plaintiff is also protected by the private investigator-client privilege found in MCL 338.840. Further, defendant argued, plaintiff had not shown a substantial need and undue hardship to overcome any privilege. Defendant also argued that it did not need to produce its surveillance evidence unless it intends to use such evidence as impeachment evidence at trial. Defendant noted that plaintiff had yet to testify at any deposition, and it did not need to give plaintiff "a roadmap to conform [her] testimony to any surveillance video, if such video exists." Following a hearing, the trial court denied plaintiff's motion to compel, but ordered that if defendant decided to use the surveillance, it must be provided to plaintiff following her deposition.

After the close of discovery, defendant filed its motion for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that plaintiff was not entitled to PIP benefits due to fraud in her application for benefits. Specifically, plaintiff had fraudulently misrepresented that she was unable to drive or work because of the accident. In its supporting brief, defendant first addressed plaintiff's fraud with respect to driving. Despite plaintiff's treating physician determining that plaintiff was "disabled" from driving, and stating medical transportation was a necessity, plaintiff was observed on June 10, 2015 "entering a Ford Windstar van and driving to Fox Elementary School, to presumably pick up her children. Unfortunately the investigator [hired by defendant through Jane Doe Investigations] lost track of [p]laintiff, due to the crowded nature of the school and being stopped by a crossing guard to let the children cross the street."

Defendant further argued that plaintiff had fraudulently misrepresented that she was unable to work. Two weeks before the accident, plaintiff had been promoted from waitress to manager at Zorba's Grill (Zorba's): she became a full-time employee and her salary increased to $600 per week. However, after the accident, she was unable to return to Zorba's due to her accident related injuries. Plaintiff claimed she was unable to work from the date of the accident until March 14, 2016, when she accepted a housekeeping position through Beaumont Health System. Because plaintiff makes less money at Beaumont than she did as a manager at Zorba's, she is seeking wage loss differential benefits. However, defendant produced evidence that plaintiff was observed by a private investigator on May 28, 2016 working as a server at Zorba's. Plaintiff was observed "carrying items in both of her hands multiple times, serving drinks to customers at the table, serving food, retrieving dirty dishes from the table, using the cash register, and cleaning tables after patrons finished eating." Defendant argued that plaintiff's claims for medical transportation reimbursement and differential wage loss are contradicted by the surveillance videos, and "amount to a clear violation" of defendant's insurance policy. Specifically, the policy states that it becomes null and void if "you, any family member, or any insured under this policy has intentionally concealed or misrepresented any material fact or circumstance, engaged in fraudulent conduct, or made false statements." Therefore, pursuant to

*Bahri v IDS Property Casual Insurance Company*, 308 Mich App 420; 864 NW2d 609 (2014), defendant was entitled to summary disposition in its favor.

The trial court heard oral argument on defendant's motion for summary disposition where the parties argued consistent with their briefs. Plaintiff admitted that she was the individual shown in the surveillance video, but argued that her claim for differential wage loss benefits was unaffected because plaintiff was not paid for her assistance at Zorba's. Plaintiff submitted an affidavit to the same effect. With respect to plaintiff's differential wage loss claim, the trial court stated:

> There is no case that I know of and no case cited by plaintiff that addresses what plaintiff contends is the law. That is, if you're not being paid to work when you're allegedly working where you say you can't work, that that's okay. You're not committing fraud so long as you're not being paid to work.

After arguing back and forth with plaintiff's counsel, the trial court ruled in defendant's favor, finding:

> I saw still photos that were part of the defendant's brief showing the plaintiff working, whether for pay or for nothing, at Zorba's Restaurant at a time when she claimed two weeks later that she hadn't been able to work after those few days that she returned to work immediately after or shortly after the accident in question.

> She is working. Photographs show it. Video show[s] it. And she said she had not worked subsequent to those few days at Zorba's shortly after the accident. She made a material misrepresentation to Farm Bureau General Insurance Company. The motion is granted under MCR 2.116(C)(10).

The trial court did not address the parties' arguments regarding plaintiff having driven while disabled from driving. A written order granting defendant's motion for summary disposition was entered on February 17, 2017. This appeal followed.

## II. PLAINTIFF'S MOTION TO COMPEL

Plaintiff first argues that the trial court erroneously denied her motion to compel production of defendant's surveillance videotapes, or at a minimum, disclose the dates of the surveillance. Plaintiff contends that because the surveillance tapes are evidence, they should have been produced, and further, that no work-product privilege should have attached.

Regardless of whether the surveillance tapes were privileged, or whether the trial court should have ordered the tapes turned over to plaintiff before her deposition, this issue is moot. An issue is "moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 177 (1998). After plaintiff's deposition, in compliance with the trial court's order, defendant waived any privilege it may be able to assert regarding the surveillance tapes and turned over the tapes of plaintiff. "As a general rule, an appellate court will not decide moot issues." *Id*. Because plaintiff has

already received the surveillance videos she sought, there is no further relief this Court could grant, and therefore, this issue is moot and need not be addressed. *Id*.

### III. DEFENDANT'S MOTION FOR SUMMARY DISPOSITION

Next, plaintiff argues the trial court erroneously granted summary disposition in favor of defendants after relying more on the surveillance reports and surveillance video submitted by defendant than plaintiff's affidavit and payroll documentation submitted in support of her position. We disagree.

We review a trial court's decision regarding a motion for summary disposition de novo. *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5-6; 890 NW2d 344 (2016). A motion for summary disposition brought under MCR 2.116(C)(10) "tests the factual sufficiency of the complaint," *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016) (citation omitted), and should be granted where "there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gem Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

"The moving party has the initial burden to support its claim for summary disposition by affidavits, depositions, admissions, or other documentary evidence." *McCoig Materials, LLC v. Galui Constr, Inc*, 295 Mich App 684, 693; 818 NW2d 410 (2012). The court must consider all of the admissible evidence in a light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). However, the party opposing summary disposition under MCR 2.116(C)(10) "may not rely on mere allegations or denials in pleadings, but must go beyond the pleadings to set forth specific facts showing that a genuine issue of material fact exists." *Oliver v Smith*, 269 Mich App 560, 564; 715 NW2d 314 (2006) (citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Bahri*, 308 Mich App at 423 (citation and quotation marks omitted).

Plaintiff contends that the trial court relied on the surveillance reports and video more heavily than the affidavit and payroll documentation submitted by plaintiff in support of her position. However, a party cannot rely on an affidavit to create a material issue of fact where that affidavit contradicts the party's prior deposition testimony. *Dykes v William Beaumont Hospital*, 246 Mich App 471, 479-480; 633 NW2d 440 (2001). In this case, plaintiff explained during her deposition that she was unable to return to work as a manager or server at Zorba's because she was "having a hard time moving," due to the back injuries she sustained in the accident. However, on March 14, 2016, plaintiff was hired to do housekeeping work at Beaumont Hospital in Troy, Michigan. At Beaumont, plaintiff testified that she is responsible for "cleaning patients' rooms, cleaning bathroom, [and] fixing the beds." It is undisputed that plaintiff makes less money working at Beaumont than she did as a manager at Zorba's.

In support of its motion for summary disposition, defendant submitted surveillance video and reports showing plaintiff working at Zorba's on May 28, 2016. Plaintiff or her counsel do not dispute that plaintiff is the individual shown in the surveillance video working at Zorba's. In an attempt to explain her presence at Zorba's on the date in question, plaintiff submitted an affidavit with her response to defendant's motion for summary disposition, admitting that on

May 28, 2016, she provided assistance at Zorba's. Plaintiff maintained, however, that she did not get paid for her assistance. In essence, plaintiff argues that because she did not get paid for the work she did at Zorba's, she did not fraudulently misrepresent the extent of her injuries relating to her differential work loss claim. However, given plaintiff's deposition testimony, that she could not physically return to work at Zorba's, the trial court did not err by declining to consider plaintiff's contrary affidavit, stating that on May 28, 2016, she was assisting at Zorba's but did not get paid. *Dykes*, 246 Mich App at 479-480.

Similarly, the trial court's findings reflect that it did consider the payroll statements showing that plaintiff had not been paid by Zorba's since May 9, 2015, but found them to be immaterial. Specifically, the trial court found:

> There is no case that I know of and no case cited by plaintiff that addresses what plaintiff contends is the law. That is, if you're not being paid to work when you're allegedly working where you say you can't work, that that's okay. You're not committing fraud so long as you're not being paid to work.

We agree with the trial court, and conclude that the fact that plaintiff was not paid for her assistance at Zorba's does not create a question of fact regarding plaintiff's fraudulent misrepresentations. The issue is not whether plaintiff was paid for her assistance at Zorba's, the issue is the fact that plaintiff was performing work that she claimed she was physically unable to perform. Accordingly, plaintiff's claim is without merit.

Finally, we note that in her statement of the questions presented, plaintiff only argues that the trial court erred in "granting summary disposition by making a credibility determination reviewing video surveillance versus the documents produced in support of plaintiff's position and the testimony of plaintiff and her sister." However, plaintiff goes on to argue in her brief that the trial court erred in finding that summary disposition was appropriate based on plaintiff's alleged material misrepresentation relating to her differential wage loss claim and her claim for reimbursement of medical transportation costs. Additionally, plaintiff raises evidentiary and foundational challenges to the surveillance video and surveillance reports submitted by defendant in support of its motion for summary disposition. However, because "[a]n issue not contained in the statement of questions presented is waived on appeal," we decline to address plaintiff's arguments. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004).

Affirmed.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen