*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HILLGER ENTERPRISES, LLC,

        Plaintiff-Appellant,

and

RIG PROPERTIES 2, LLC, and SOUTHTRACK
MANAGEMENT 2, LLC,

        Plaintiffs,

v

CITY OF DETROIT,

        Defendant-Appellee.

UNPUBLISHED
November 12, 2020

No. 350170
Wayne Circuit Court
LC No. 18-009417-CZ

Before: BOONSTRA, P.J., and CAVANAGH and BORRELLO, JJ.

PER CURIAM.

Plaintiff[1] appeals by right the trial court's order granting summary disposition in favor of defendant. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2017, defendant gave plaintiff conditional zoning approval to operate a Medical Marijuana Caregiver Center (MMCC).[2] Also in 2017, the Michigan Department of Licensing and

---

[1] Plaintiffs Rig Properties 2, LLC and Southtrack Management 2, LLC voluntarily dismissed their claims against defendant with prejudice in the trial court, and are not parties to this appeal.

[2] 1984 Detroit Zoning Ordinance § 61-16-131 defines a "medical marihuana caregiver center" as "[a] medical marihuana business operated by a registered primary caregiver that distributes medical marijuana, in a manner authorized by the [Michigan Medical Marihuana Act,

Regulatory Affairs (LARA) issued several emergency rules pertaining to the Medical Marihuana Facilities Licensing Act (MMFLA), MCL 333.27101 *et seq.* Emergency Rule 19 provided that an applicant who had applied no later than February 15, 2018 for a state license[3] to operate a "proposed marihuana facility" under the MMFLA could "temporarily operate" a facility "that would otherwise require a state operating license" if certain other criteria, not relevant to this appeal, were met.[4] Before that deadline, plaintiff submitted to LARA an application for a license to operate a commercial marijuana facility; specifically, plaintiff applied for a "Class C grow license" to operate a marijuana growing facility. On February 12, 2018, the city clerk for defendant approved an "Attestation E" form submitted by plaintiff. The Attestation E, signed by both the city clerk and a member manager of plaintiff, authorized plaintiff, as "the applicant for a state operating license as named below in part B," to "temporarily operate a proposed marihuana facility as provided in the LARA . . . Emergency Administrative Rules filed with the Sec. of State . . . ."

On April 9, 2018, defendant's law department submitted a memorandum to its city council addressing medical marijuana. The memorandum stated that defendant "was willing to authorize temporary operation for the approximately 70 MMCC locations that had previously received zoning approval as a MMCC. As required by [LARA], the Detroit City Clerk's office executed a form called Attestation E for 57 locations, which constitute the only facilities that are currently allowed to be operating as a dispensary in Detroit." Plaintiff was one of the 57 entities "authorize[d] for temporary operation . . . ."

According to plaintiff's complaint, officers from the St. Clair Shores Police Department executed a search warrant on June 14, 2018 at 661 Hillger Street in Detroit and seized and destroyed plaintiff's property at that location. On June 15, 2018, defendant sent plaintiff a letter informing plaintiff that its planned use of its site at 661 Hillger Street as a marijuana growing facility was not authorized. Plaintiff stated in its complaint that it ceased all operations on June 19, 2018.

On August 2, 2018, plaintiff filed a complaint for declaratory and injunctive relief. Plaintiff sought a declaratory judgment from the trial court that "Attestation E is a license to temporarily operate a MMFLA facility" and that "Defendant issued Attestation E to Plaintiffs and cannot revoke it without due process of law." Plaintiff also sought "an Injunction enjoining Defendant

---

MCL 333.26421 et seq.], to registered qualifying patients as defined by the Act, or performs other activities pertaining to medical marihuana authorized by the Act."

[3] The MMFLA requires state licensure to operate as a marijuana "grower," "processor," "secure transporter," "provisioning center," or "state compliance facility." MCL 333.27102(ff). Although by convention the various marijuana acts in Michigan use the term "marihuana," in this opinion, apart from direct quotation, we will employ the more common spelling "marijuana."

[4] See Rule 19. Temporary operation; limited circumstances; conditional. https://www.michigan.gov/mra/0,9306,7-386-83994-454538--,00.html (last accessed October 21, 2020).

from any further attempts to rescind Plaintiff[']s] Attestation E." Plaintiff withdrew its application for a Class C Grower license from LARA in November 2018.

After defendant answered the complaint, plaintiff moved to amend, seeking to add claims for monetary damages. The trial court denied plaintiff's motion. Defendant subsequently filed a motion for summary disposition under MCR 2.116(C)(8) and MCR 2.116(C)(10). Defendant argued that while plaintiff was permitted to operate a MMCC, it was not permitted to operate a marijuana growing facility. Defendant also argued that the case was moot because plaintiff had withdrawn its application for a Class C grower license with LARA. The trial court held that plaintiff had only been authorized to operate a MMCC, not a growing facility, and that the case was moot in any event, and granted defendant's motion for summary disposition. This appeal followed.

## II. STANDARD OF REVIEW

The trial court did not specifically state which subrule(s) it relied upon in granting defendant's motion. Summary disposition is appropriate under MCR 2.116(C)(8) if "[t]he opposing party has failed to state a claim on which relief can be granted." An issue is moot if "an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). Therefore, mootness is an appropriate ground for granting summary disposition under MCR 2.116(C)(8). We review de novo the trial court's determination that a case is moot, *Garrett v Washington*, 314 Mich App 436, 449; 886 NW2d 762 (2016), as well as its decision on a motion for summary disposition under MCR 2.116(C)(8), *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

## III. ANALYSIS

The trial court concluded in part that because plaintiff withdrew its application for a Class C Grow license in November 2018, the case was moot. We agree.

"In order to appeal, a party must be an aggrieved party." *Garrett*, 314 Mich App at 449 (quotation marks and citation omitted). "On appeal, the litigant must demonstrate that he or she is affected by the decision of the trial court." *Id*. at 450 (quotation marks and citation omitted). "An issue becomes moot when a subsequent event renders it impossible for the appellate court to fashion a remedy." *Id*. (quotation marks and citation omitted).

For a trial court to grant a request for declaratory judgment, there must be an actual controversy between the parties. MCR 2.605(A)(1) ("In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted."). "In general, 'actual controversy' exists where a declaratory judgment or decree is necessary to guide a plaintiff's future conduct in order to preserve his legal rights." *Shavers v Attorney General*, 402 Mich 554, 588; 267 NW2d 72 (1978).

In its complaint, plaintiff sought a declaratory judgment that the "Attestation E is a license to temporarily operate a MMFLA facility" and that "[d]efendant issued Attestation E to Plaintiff[]] and cannot revoke it without due process of law." Plaintiff also sought an injunction "enjoining

Defendant from any further attempts to rescind Plaintiff['s] Attestation E." As stated, plaintiff sought to amend its complaint to add claims for monetary damages, but the trial court denied its motion; on appeal, plaintiff does not challenge that denial.

Evaluating plaintiff's claims for declaratory and injunctive relief requires that we interpret the language of Attestation E. Attestation E is a document generated by LARA as authorized by the MMFLA. Generally, principles of statutory interpretation apply to language used by administrative agencies. See, e.g., *City of Romulus v Mich DEQ*, 260 Mich App 54, 65; 678 NW2d 444 (2003). If such language is "unambiguous on its face, the drafter is presumed to have intended the meaning plainly expressed and further judicial interpretation is not permitted." *Id*.

The plain language of Attestation E is that an "applicant for a state operating license" may operate a temporary facility under certain conditions, provided that the applicant meets certain other criteria and complies "with the Emergency Administrative Rules and the MMFLA." When plaintiff withdrew its application for a license under the MMFLA, it was no longer an "applicant for a state operating license." The plain language of Attestation E therefore prevented the trial court, at the time it interpreted plaintiff's Attestation E, from granting plaintiff any of its requested relief; indeed, once plaintiff withdrew its license application, an order granting the relief would have had no practical effect. Accordingly, the trial court correctly determined that plaintiff's case was moot. *B P 7*, 231 Mich App at 359; *Garrett*, 314 Mich App at 450. Because we agree with the trial court's determination of mootness, we do not address plaintiff's other arguments concerning the trial court's determination that it was only authorized to operate an MMCC, not a marijuana growing facility.

Affirmed.

/s/ Mark T. Boonstra
/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello

-4-