*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ES.

STACEY BATZER,

                  Petitioner-Appellee,

v

ES,

                  Respondent-Appellant.

UNPUBLISHED
April 15, 2025
2:06 PM

No. 371230
Washtenaw Probate Court
LC No. 23-000855-MI

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

PER CURIAM.

Respondent appeals as of right the probate court order granting the petition for a second involuntary mental-health treatment order, in which he was committed to 90 days of combined hospitalization and assisted outpatient treatment. We affirm.[1]

Respondent was hospitalized six times beginning in 2012 for acting erratically. In this case, a court liaison filed an initial petition for mental-health treatment in November 2023, and the probate court granted the petition through an order expiring after 180 days. In April 2024, the court liaison filed a second petition for involuntary mental-health treatment. At the hearing on the second petition, a psychiatrist who examined respondent and his medical history testified that respondent has "bi-polar disorder with psychosis," and cited respondent's multiple hospitalizations and inability to care for himself as reasons in support of the second order. The probate court determined that respondent required treatment under MCL 330.1401(1)(c). Respondent now

---

[1] According to the lower-court record before us, the most recent order was entered in July 2024 for 90 days of hospitalization and treatment. As that 90-day period has since expired, this appeal arguably is moot. See *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) ("An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief."). Nonetheless, we will address the merits of this appeal should the underlying issue recur with this respondent.

appeals as of right, arguing that there was not clear and convincing evidence that he required a second mental-health treatment order.

We review "for an abuse of discretion a probate court's dispositional rulings and review[] for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (quotation marks and citation omitted). "An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted).

The Mental Health Code, MCL 330.1001 *et seq*., contains the specific procedures for obtaining continuing orders for involuntary mental-health treatment on the basis of an individual's mental illness. A probate court cannot enter a continuing order for involuntary mental-health treatment unless it first finds that the respondent "continues to be a person requiring treatment . . . ." MCL 330.1472a(4). See also *Portus*, 325 Mich App at 385. MCL 330.1401(1)(c) provides, in relevant part, that the phrase "person requiring treatment" means:

> An individual who has mental illness, whose judgment is so impaired by that mental illness, and whose lack of understanding of the need for treatment has caused him or her to demonstrate an unwillingness to voluntarily participate in or adhere to treatment that is necessary, on the basis of competent clinical opinion, to prevent a relapse or harmful deterioration of his or her condition, and presents a substantial risk of significant physical or mental harm to the individual or others.

" 'Mental illness' means a substantial disorder of thought or mood that significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400(g). "A judge or jury shall not find that an individual is a person requiring treatment unless that fact has been established by clear and convincing evidence." MCL 330.1465. Evidence is clear and convincing when it produces "in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established," and the evidence is "so clear, direct and weighty and convincing" as to allow the court "to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *In re Martin*, 450 Mich 204, 227; 538 NW2d 399 (1995) (quotation marks and citation omitted).

At the conclusion of the hearing, the probate court made the following findings:

> I think the crux of this lies with his testimony that when I need the medications, I take them. The medications are a regiment that are to be taken with regularity. Whether a person thinks that they need them because when they start decompensating, is when it's difficult to perceive the need for them.
>
> * * *
>
> So I am satisfied, based on clear and convincing evidence, that [ES] is an individual in need of treatment due to the mental illness bipolar disorder with psychosis. . . .

We conclude that the probate court did not clearly err by relying on the psychiatrist's testimony to find, by clear and convincing evidence, that respondent was a person in need of treatment under MCL 330.1401(1)(c).

At the hearing, respondent testified that he did not need medication for bipolar disorder with psychosis because the "psychosis diagnosis [was] reversed by other psychiatrists." But, in addition to contradicting respondent's testimony about his current diagnosis, the psychiatrist testified that respondent was unwilling to take his prescribed medication despite his history of manic episodes, with the result that respondent was losing weight from not eating and that he had "difficulty . . . toileting." This testimony showed respondent's "lack of understanding of the need for treatment" and "unwillingness to voluntarily participate in or adhere to treatment," with a corresponding risk of harm to himself. MCL 330.1401(1)(c). Further, while respondent testified that he was willing to take his prescribed medication without a court order, it was the probate court's prerogative to accept the psychiatrist's testimony to the contrary. We will not disturb that determination on appeal. See *In re Guardianship of Redd*, 321 Mich App 398, 412; 909 NW2d 289 (2017) ("[W]e will defer to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court.") (quotation marks and citation omitted).

For these reasons, the probate court did not clearly err by relying on the psychiatrist's testimony to find, by clear and convincing evidence, that respondent was a person in need of treatment, see MCL 330.1401(1)(c), so the court did not abuse its discretion or otherwise err by entering the mental-health treatment order at issue.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher P. Yates
/s/ Matthew S. Ackerman