ROBY v CITY OF MOUNT CLEMENS

Docket No. 269563. Submitted October 3, 2006, at Detroit. Decided
    November 21, 2006. Approved for publication January 25, 2007, at
    9:05 a.m.

Jacqueline Roby brought an action in the Macomb Circuit Court
    against the city of Mount Clemens, alleging liability under the
    highway exception to governmental immunity for injuries she
    sustained on a city right-of-way in front of her place of employ-
    ment. The area subject to the right-of-way used to be a grass berm
    before the plaintiff's employer paved it to allow its trucks to park
    or turn in the area. The trial court, Deborah A. Servitto, J.,
    granted summary disposition for the defendant, ruling that the
    action was barred by governmental immunity because the area in
    question was not a sidewalk for which the defendant could be
    liable pursuant to the highway exception to governmental immu-
    nity. The plaintiff appealed.

The Court of Appeals *held*:

A municipality may be held liable under the highway exception
    to governmental immunity for personal injury or property damage
    arising from the municipality's failure to maintain in reasonable
    repair a sidewalk adjacent to a highway maintained by the
    municipality. No such liability can exist in this case, where the area
    in question was converted from a grass berm to a paved area for
    truck turning and parking. The area is more comparable to a
    private driveway than a public sidewalk subject to the highway
    exception.

Affirmed.

*Posner, Posner and Posner* (by *Gerald F. Posner*) for
the plaintiff.

*Johnson, Rosati, LaBarge, Aseltyne & Field, P.C.* (by
*Marcia L. Howe*), for the defendant.

Before: WHITBECK, C.J., and SAAD and SCHUETTE, JJ.

PER CURIAM. Plaintiff Jacqueline Roby appeals as of right the trial court's order granting summary disposition to defendant city of Mount Clemens (the City) under MCR 2.116(C)(7). We affirm. We decide this appeal without oral argument.[1]

### I. BASIC FACTS AND PROCEDURAL HISTORY

On September 15, 2004, Roby fell on a paved area in front of her place of employment, Johnson Controls, and she sustained injuries. Johnson Controls leases the premises, and the City has a right-of-way in the area where Roby fell, which is an area paved with asphalt and cement between a fenced parking lot and the road. The six blocks next to the subject property all have grass-covered rights-of-way.

On October 26, 2004, in response to a report about Roby's fall, the City's blight officer, John Denomme, sent a notice to Johnson Controls instructing it to repair the defective asphalt on the paved area. According to Denomme, the commercial or residential owner of the property has the responsibility to repair and maintain the right-of-way. But if the owner does not do so, the City has a right to repair it and assess a lien against the property.

There were no permits issued to build a sidewalk where Roby fell. In fact, there were no records for the site in question until the October 26, 2004, notice. Denomme testified that he thought that the area where Roby fell was a parking area for Johnson Controls because he had seen vehicles and trucks parked there. Roby also admitted that trucks park in this area on a daily basis. And Johnson Controls indicated that it used the area for parking, turning, and putting trucks on the property.

---

[1] MCR 7.214(E).

Roby filed suit against the City, alleging that it was negligent because it failed to properly maintain and repair the paved area in front of Johnson Controls, which she alleges is a public sidewalk. The City moved for summary disposition under MCR 2.116(C)(7), arguing that Roby's claim was barred by governmental immunity because the area where she tripped was not a public sidewalk, so it had no duty to maintain it. The trial court agreed and granted the City's motion, concluding that the accident did not occur on "a public sidewalk or in an area that would otherwise give rise to liability on the part of [d]efendant." Roby now appeals.

## II. SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

Roby argues on appeal that the trial court erred in granting the City's motion for summary disposition based on governmental immunity. We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7).[2] We also review de novo the applicability of governmental immunity.[3] "Under MCR 2.116(C)(7), the trial court must accept as true the contents of the complaint, unless they are contradicted by documentary evidence submitted by the moving party."[4] A trial court may also consider the parties' pleadings, affidavits, depositions, admissions, and other documentary evidence filed to determine whether the defendant is entitled to immunity.[5] To overcome a motion brought under MCR 2.116(C)(7), the plaintiff

---

[2] *Davis v Detroit*, 269 Mich App 376, 378; 711 NW2d 462 (2006).

[3] *Herman v Detroit*, 261 Mich App 141, 143; 680 NW2d 71 (2004).

[4] *Davis, supra* at 378.

[5] *Renny v Dep't of Transportation*, 270 Mich App 318, 321; 716 NW2d 1 (2006).

must allege facts warranting the application of an exception to governmental immunity.[6]

## B. GOVERNMENTAL IMMUNITY

Under the governmental tort liability act, a governmental agency is shielded from tort liability if it is engaged in the exercise or discharge of a governmental function.[7] A municipal corporation is considered a governmental agency.[8] "A governmental function is 'an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law.' "[9]

One enumerated exception to the broad grant of governmental immunity is the highway exception.[10] Under this exception, a person who sustains bodily injury or property damage may recover for the damages suffered from the failure of a governmental agency having jurisdiction over a highway to " 'maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel.' "[11] The highway exception is narrowly construed, and an action under this exception must be "clearly within the scope and meaning of the statute."[12] A governmental

---

[6] *Id.* at 322.

[7] MCL 691.1407(1); *Grimes v Dep't of Transportation*, 475 Mich 72, 76-77; 715 NW2d 275 (2006).

[8] *Warda v Flushing City Council*, 472 Mich 326, 331-332; 696 NW2d 671 (2005).

[9] *Maskery v Univ of Michigan Bd of Regents*, 468 Mich 609, 613-614; 664 NW2d 165 (2003), quoting MCL 691.1401(f).

[10] MCL 691.1402; *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 156; 615 NW2d 702 (2000).

[11] *Pusakulich v City of Ironwood*, 247 Mich App 80, 83; 635 NW2d 323 (2001), quoting MCL 691.1402(1).

[12] *Hatch v Grand Haven Charter Twp*, 461 Mich 457, 464; 606 NW2d 633 (2000).

agency's jurisdiction is determined by its control over a highway.[13]

"Highway" is statutorily defined as "a public highway, road, or street that is open for public travel and includes bridges, sidewalks, trailways, crosswalks, and culverts on the highway."[14] There is a provision limiting liability to the improved portion of the highway, but this limitation only applies to the state and to county road commissions, and not to municipalities.[15] Therefore, a sidewalk is included in the City's realm of responsibility. "Sidewalk" is not statutorily defined, so caselaw has looked to the meaning of the word as used in common language.[16] Caselaw has defined the word "sidewalk" as a paved way that runs alongside and adjacent to a public roadway intended for the use of pedestrians.[17] A paved way must be located adjacent to a highway to be considered a sidewalk, but such proximity does not necessarily make it a sidewalk, and a court will take into account the character of the paved way and its intended use.[18]

The trial court properly granted summary disposition for the City after it determined that the accident did not occur on a public sidewalk. The evidence presented established that the area in question was not intended for pedestrian travel and, therefore, was not a sidewalk for purposes of the highway exception. The

---

[13] *Markillie v Livingston Co Bd of Co Rd Comm'rs,* 210 Mich App 16, 21-22; 532 NW2d 878 (1995).

[14] MCL 691.1401(e).

[15] *Pomeroy v Dep't of Transportation,* 175 Mich App 556, 560; 438 NW2d 264 (1988).

[16] *Stabley v Huron-Clinton Metro Park Auth,* 228 Mich App 363, 367; 579 NW2d 374 (1998).

[17] *Hatch, supra* at 462-465; *Stabley, supra* at 369.

[18] See *Hatch, supra* at 464-465.

area was paved all the way to the road, but there were no permits in the file to build a sidewalk. When asked what the area appeared to be, Denomme responded that he thought it was a parking area for Johnson Controls because he had seen vehicles and trucks parked there. Roby also admitted that trucks park in this area on a daily basis. And Johnson Controls indicated that it used the area for parking, turning, and putting trucks on the property, which is why it was not a grass right-of-way.

This Court has held that the grass berm between a public road and a sidewalk "is not included within the definition of the term 'highway' and is thus not included within the highway exception to governmental immunity."[19] There is no reason that the City should be liable for the condition of an area that a private party chose to convert from grass to pavement with the intent to use it for parking, turning, and putting trucks on the property. The character of the area in question is more comparable to a private driveway than a public sidewalk, and, therefore, the highway exception to governmental immunity does not apply. The trial court did not err in granting summary disposition in favor of the City because it is entitled to governmental immunity from tort liability where Roby tripped on a paved area that was not a "sidewalk" for the purposes of the highway exception.

Affirmed.

---

[19] *Stevenson v Detroit*, 264 Mich App 37, 44-45; 689 NW2d 239 (2004).