*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTIAN CIOROIU, by his Next Friend
MARIA CIOROIU,

UNPUBLISHED
February 25, 2021

Plaintiff-Appellant,

v

No. 351117
Oakland Circuit Court
LC No. 2018-170470-NO

CITY OF TROY,

Defendant-Appellee.

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendant under MCR 2.116(C)(10). We affirm.

On May 26, 2018, at approximately 11:00 a.m., plaintiff was riding his bicycle on the sidewalk next to Big Beaver Road in Troy, Michigan. As plaintiff cycled westbound on the sidewalk, the front tire of his bicycle hit a bump ("the defect") in the sidewalk and plaintiff was thrown over the handlebars. Plaintiff was transported by ambulance to a local hospital where he was diagnosed with a variety of injuries, including a clavicle fracture. Plaintiff thereafter filed this action alleging negligence under the "sidewalk exception" to Michigan's Governmental Tort Liability Act ("GTLA"), MCL 691.1402.

The City moved for summary disposition under MCR 2.116(C)(7), (8), and (10), primarily arguing that the defect at issue was open and obvious. The trial court agreed and granted the City's motion for summary disposition under MCR 2.116(C)(10). This appeal followed.

On appeal, plaintiff argues the defect was not open and obvious because it was covered in shadows, making it difficult to see. We disagree.

We review a trial court's decision to grant summary disposition de novo. *Magley v M & W Inc*, 325 Mich App 307, 313; 926 NW2d 1 (2018). A motion under MCR 2.116(C)(10) looks to "the factual sufficiency of the complaint, [and] this Court considers all the evidence submitted by the parties in the light most favorable to the non-moving party and grants summary disposition

-1-

only where the evidence fails to establish a genuine issue regarding any material fact." *Sisk-Rathburn v Farm Bureau Gen Ins Co of Mich*, 279 Mich App 425, 427; 760 NW2d 878 (2008), abrogated on other grounds by *Webb v Progressive Marathon Insurance Company*, __Mich App__; __NW2d __ (2021). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). "[R]eview is limited to the evidence that ha[s] been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 476; 776 NW2d 398 (2009), citing *Pena v Ingham Co Rd Comm*, 255 Mich App 299, 313 n 4; 660 NW2d 351 (2003).

"Under the governmental tort liability act, a governmental agency is shielded from tort liability if it is engaged in the exercise or discharge of a governmental function." *Roby v Mount Clemens*, 274 Mich App 26, 29; 731 NW2d 494 (2006); see also MCL 691.1407. And, "[a] municipal corporation is considered a governmental agency." *Roby*, 274 Mich App at 29. Even so, under the sidewalk exception to the statute, a plaintiff may recover damages if a municipality fails to maintain a sidewalk in reasonable repair. MCL 691.1402a; *Jones v Enertel, Inc*, 467 Mich 266, 268; 650 NW2d 334 (2002). For a plaintiff to successfully argue a claim of this nature, he or she must show that at least 30 days before the occurrence of the injury, the municipality knew, or should have known, of the existence of the defect in the sidewalk. MCL 691.1402a(2). A plaintiff must also rebut the presumption that the municipality maintained the sidewalk by showing that the vertical discontinuity of the sidewalk defect at issue was two inches or more, and that the defect was a proximate cause of the plaintiff's injury. MCL 691.1402a(3). The sidewalk exception is not completely unrestricted and municipalities may invoke common law defenses—in particular whether a defect was open and obvious. MCL 691.1402a(5).

In its opinion, the trial court granted the City's motion under MCR 2.116(C)(10) finding that plaintiff failed to show a dispute of fact as to whether the defect at issue was open and obvious. A defect is open and obvious when "an average person of ordinary intelligence [would] discover the danger and the risk it presented on casual inspection." *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009). This is an objective test that considers "whether a reasonable person in the plaintiff's position would have foreseen the danger, not whether the particular plaintiff knew or should have known that the condition was hazardous." *Slaughter v Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008).

"The entire premise of the open and obvious danger doctrine requires that the hazard would be 'obvious' upon 'casual inspection.' " *Watts v Mich Multi-King, Inc*, 291 Mich App 98, 105; 804 NW2d 569 (2010) (citation and emphasis omitted). What is necessary to resolve this issue is not whether plaintiff actually saw the defect at issue. See *Novotney v Burger King Corp*, 198 Mich App 470, 475; 499 NW2d 379 (1993). Rather, the question is whether there is a sufficient question of fact as to whether plaintiff *should* have observed the defect before his fall. *Id*. at 473.

The City contends that the defect was open and obvious, pointing out that both plaintiff and his friend were able to identify the defect immediately after the crash. Further, plaintiff testified that he was looking straight ahead, rather than at the sidewalk in front of his bicycle at the time of the accident and that if he had been walking rather than on a bicycle, he probably would have observed the defect prior to his fall. Plaintiff also testified that he returned to the site of the accident the next day and was able to find the defect and take photos of it.

The fact that plaintiff did not actually see the defect before he was thrown from his bicycle does not negate the fact that the defect was open and obvious, because the objective standard is whether an average person would discover the danger on casual inspection. *Price*, 284 Mich App at 501. Both plaintiff and his companion testified that the defect was readily observable to them immediately after plaintiff's fall, i.e., upon casual inspection. As stated by our Supreme Court:

> [t]he rule generated is that if the particular activity or condition creates a risk of harm only because the invitee does not discover the condition or realize its danger, then the open and obvious doctrine will cut off liability if the invitee should have discovered the condition and realized its danger. On the other hand, if the risk of harm remains unreasonable, despite its obviousness or despite knowledge of it by the invitee, then the circumstances may be such that the invitor is required to undertake reasonable precautions. [*Bertrand v Alan Ford, Inc*, 449 Mich 606, 611; 537 NW2d 185 (1995)]

In other words, liability is cut-off where a plaintiff's only basis for negating the open and obvious nature of a defect is that the plaintiff did not notice the defect. See *Weakley v Dearborn Hts*, 240 Mich App 382, 386; 612 NW2d 428 (2000). That is precisely what occurred here.

While a plaintiff may recover where there is something unusual about the defect because of its "character, location, or surrounding conditions," *Bertrand*, 449 Mich at 617 (citation omitted), a temporary shadow, due to the natural position of the sun, over the defect does not transform an open and obvious defect into a hidden one and plaintiff has provided no authority suggesting otherwise.

Additionally, Scott Carruthers, the city of Troy ("the City") employee in charge of its sidewalk replacement program, testified he was unaware of the defect until the news of plaintiff's accident was reported to his office. This suggests that the City did not know, at least 30 days before plaintiff's injury, of the existence of the defect in the sidewalk. MCL 691.1402a(2). And plaintiff has provided no evidence that the City should have known of the defect at least 30 days before plaintiff's accident. There being no material question of fact concerning whether the defect in the sidewalk was open and obvious, the trial court properly granted summary disposition in favor of defendant.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron